OPINION
On February 7, 1996, appellant Sheila Harris purchased an automobile from appellee Bisbee Auto Sales, Inc. for $2,608. In connection with the transaction, appellant signed a retail installment contract. Appellant failed to pay in full for the automobile.
On May 5, 1996, the automobile was involved in an accident, during which the car was totaled. Appellee brought the instant action seeking the balance due on the retail installment contract. Appellant counter-claimed for fraud with regard to warranty representations made by appellee at the time of the sale.
Following a bench trial in the Mansfield Municipal Court, the court found that appellant paid $1,050 pursuant to the contract. The court dismissed the counter-claim, finding that appellant failed to prove that, at the time of the sale, appellee knew of any defects in the vehicle. The court found that appellant failed to prove any misrepresentation or fraud, and any damages proximately caused by the acts or omissions of appellee. The court entered judgment in favor of appellee in the amount of $1,558.
Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE JUDGMENT IN THIS CASE IS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE AND MUST BE OVERTURNED.
Appellant argues that appellee failed to prove the amount due under the contract. The court based its decision on appellant's own testimony concerning payments made to appellee. The court found much of her testimony concerning payment to be not credible.
Where the decision in a case turns on credibility of the testimony, and when there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court. Myers vs. Garson (1993), 66 Ohio St.3d 610, 614. The trial Judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and to use these observations in weighing the credibility of the testimony. Id. at 615.
The trial Judge was in the best position to determine from appellant's testimony, during appellee's case-in-chief, how much she had actually paid on the contract.
Further, appellant appears to have stipulated in the record as to the amount paid. After the trial, the court found from the bench that appellant made payments in the amount of $1,050. The Judge then gave the parties the opportunity to return to court for resolution of any issues with regards to the payments made by appellant. The Judge further offered the parties an opportunity to stipulate as to the total amount of payments made. Counsel for appellant appears to have stipulated to the Judge's findings regarding the amount of payments made by his client, rather than electing to present additional evidence concerning such payments.
The Assignment of Error is overruled.
The judgment of the Mansfield Municipal Court is affirmed.
By: Reader, J., Farmer, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-54
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is affirmed. Costs to appellant.